**Law Office of Nathan A. Schultz, P.C.**

January 9, 2018

<u>VIA E-MAIL</u>

Mannon L. Walters, Inc.
Attn: Will Tevault – Investor Relations
Email: wtevault@mannonoil.com

**<u>Response of Mannon L. Walters, Inc. ("Borrower") re: Notices of Default</u>**

Dear Mr. Tevault:

I am writing on behalf of (i) Stephen N. David as Trustee of the Jennifer L. David Rev Trust DTD 12/9/1999, which is the holder of a 12% Series 2007A Secured Convertible Debenture (a "<u>2007A Debenture</u>") issued by Borrower; (ii) Roger A. Zajicek, who is the holder of a 2007A Debenture; (iii) Mark W. Oppegard, as Trustee of the Mark W. Oppegard Trust Dated February 11, 2003, which is the holder of a 2007A Debenture; and (iv) John Bohinski, who is the holder of a 12% Secured Convertible Debenture – Series 2-8 ( "<u>2-8 Debenture</u>") issued by Borrower (these four holders are referred to herein as a "<u>Holder</u>" or the "<u>Holders</u>").

On behalf the Holders, I previously provided Borrower with written notice that one or more Events of Default has occurred and remains uncured by virtue of, *inter alia*, Borrower's failure to pay interest installments beginning in 2014.  <u>See</u> letters dated December 20, 2017 (Bohinski), January 2, 2018 (David) and January 5, 2018 (Zajicek and Oppegard) (collectively, the "<u>Notices of Default</u>").  In the 2007A Debenture Notices of Default, I demanded that Borrower immediately make payment of all outstanding interest due under the 2007A Debentures.  In the 2-8 Debenture Notice of Default, I demanded that Borrower immediately make payment of all outstanding interest plus the full Principal Amount due under the 2-8 Debenture.

In each of the Notices of Default, I further demanded that unless Borrower fully cures the outstanding Event(s) of Default within 30 days thereof, Borrower must promptly forward to my attention on a rolling basis various documents and information (the "<u>Required Information</u>").

You have responded separately to each of the Notices of Default.  With respect to the 2-8 Debenture Notice of Default (Bohinski), you responded in a December 26, 2017 email that attached a letter dated August 5, 2015 and certain other documents, which indicate that Borrower has purported to unilaterally assign a "working interest" in collateral in satisfaction of the 2-8 Debenture.  The August 5, 2015 letter alleges that a decline in the price of oil has made it "difficult to keep the interest payments for the Series 2-8 Debentures current", and that attempts to market the collateral have not produced a price sufficient to "cash out the debenture certificates."  The August 5, 2015 further advises that Borrower has not recorded the purported assignment, but will do so upon request.  The August 5, 2015 letter concludes that "[a]s we continue to market the collateral, we will continue to work to catch the back interest payments back up to current in the future, as prices allow."   Aside from a copy of the August 5, 2015 letter and the purported assignment, you failed to provide any of the Required Information in response to the 2-8 Debenture Notice of Default.

January 9, 2018

With respect to the 2007A Debenture Notices of Default (David, Zajicek and Oppegard), you responded in substantially identical emails dated January 4, 2018 (David) and January 8, 2018 (Zajicek and Oppegard). In each of your responses to the 2007A Debenture Notices of Default, you:

a) Claim that a 2015 drop in oil prices continues to result in net losses on many active wells, as referenced in a November 23, 2016 letter attached to your email, which renders Borrower unable to resume payment of accrued interest;

b) Attach an unsigned Addendum to the 2007A Debenture that purports to replace the original Louisiana collateral leases with a group of leases located in Illinois (and which appear to be the same collateral leases for the 2-8 Debenture);

c) Attach a "gas content summary," which you use to make assertions about the value of the 2007A Debenture Holders' security interests;

d) Assert that the Private Placement Memorandum for the 2007A Debentures limits recourse to recover principal <u>and interest</u> to foreclosure on the collateral, and that a majority of debenture holders' approval is required for any such foreclosure; and

e) Indicate that the value of the purported collateral is insufficient to satisfy the outstanding principal under the various 2007A Debentures.

Aside from a copy of the November 23, 2016 letter, the unsigned Addendum and the "gas content summary", you failed to provide any of the Required Information in response to the 2007A Debenture Notices of Default.

<u>Please be advised that your responses to the Notices of Default are insufficient, erroneous, and therefore unacceptable, in several respects:</u>

<u>First</u>, your contention that recourse for principal <u>and interest</u> is limited solely to the collateral under the 2007A Debentures (which you also appear to imply regarding the 2-8 Debenture) is patently false by the express terms of the respective debentures. Section 4.1 of the 2007A Debentures (and of the 2-8 Debenture) unequivocally provides that "Borrower shall be responsible for the repayment of all interest due on this Debenture." The August 5, 2015 letter also acknowledges this. Regardless of whether Borrower has any liability for principal (whether under the terms of a debenture or otherwise), Borrower is directly responsible to the Holders for the payment of all interest, which is an noncontingent liability that is not subject to any bona fide dispute as to liability or amount.[1] Thus, since at least 2014, Borrower has failed (and continues to fail) to pay these undisputed interest debts as they have become due. Nothing in the Private Placement Memorandums that I have reviewed alters or affects this conclusion. <u>If you have any documentation or other evidence to support your contention that recourse for interest is limited solely to the collateral under the 2007A Debentures or the 2-8 Debentures, please provide it to me immediately.</u>

<u>Second</u>, your contention that a majority of holders' approval is required for foreclosure on the collateral does not find any support in the 2007A Debentures or any other documentation that I have reviewed. Indeed, the August 5, 2015 letter and purported unilateral assignment of collateral under the 2-8

---

[1] Based on the admissions in the August 5, 2015 letter, the November 23, 2016 letter, and your emails, even if Borrower's obligation to pay interest to the Holders is secured by the purported collateral, the value of the Holders' collateral would be grossly insufficient to satisfy the tens of thousands of dollars in outstanding interest due to the Holders alone.

2

January 9, 2018

Debenture would strongly contradict any such restriction (given that the 2007A Debentures and the 2-8 Debenture and respective Private Placement Memorandums that I have reviewed contain substantially similar provisions regarding foreclosure).  <u>If you have any documentation or other evidence to support your contention that approval of a majority of holders is required for foreclosure under the 2007A Debentures, please provide it to me immediately.</u>

<u>Third</u>, your responses to the Notices of Default confirm (rather than obviate) the necessity for Borrower to promptly provide the Required Information if it cannot or will not cure the outstanding Events of Default.  The August 5, 2015 letter and purported assignment create a host of questions and issues regarding the security interest and Collateral under the 2-8 Debenture.  The November 23, 2016 letter, your January 4 and January 8 emails, and in particular the unsigned Addendum, create similar questions and issues regarding the security interest and Collateral under the 2-8 Debenture.  Moreover, your highly dubious attempt to brush aside the Borrower's undisputed liability for unpaid interest, and the lack of any meaningful information regarding the prospects for profitability/marketability of the underlying oil wells and leases, cast serious doubt on the Borrower's ability to continue as a going concern.  <u>I reiterate my demand that Borrower promptly forward to my attention all Required Information on a rolling basis as it becomes available.</u>

I would welcome the opportunity to discuss these issues with you and your legal counsel.  The Holders are amendable to a consensual resolution of this matter, but they will vigorously pursue their rights and remedies if such a resolution cannot be reached in the very near future.

Please be advised that nothing herein is an admission or waiver of any kind with respect to contentions made in your email responses or otherwise, whether not expressly addressed herein.  The Holders expressly reserves each and every right and remedy under the 2007A Debentures and the 2-8 Debenture, respectively, at law, in equity and otherwise.

Your prompt response is greatly appreciated.

Sincerely,

Nathan A. Schultz


cc:     Mannon L. Walters, CEO (via email)