## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| MANNON L. WALTERS, INC. | ) | 18 - B - 05351 |
|     ALLEGED DEBTOR. | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | Bankruptcy Judge |

## NOTICE OF MOTION

**To:** Nathan A Schultz
Law Office of Nathan A Schultz
10621 Craig Road
Traverse City, MI 49686 (Service by CM ECF)

Please take notice that on April 8, 2018, I filed **ALLEGED DEBTOR'S RESPONSE TO PETITIONING CREDITORS' OBJECTION TO ALLEGED DEBTOR'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF INDIANA**

*/s/ David P. Leibowitz*
Attorney for the Alleged Debtor

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify that I caused the within Notice of Motion, Motion and Affidavit of Mannon L. Walters, Jr. to be served upon the person to whom this notice is directed through the Court's CM/ECF system on April 8, 2018 at approximately 3:00 P.M. CDT.

*/s/ David P. Leibowitz*

David P. Leibowitz
Illinois Attorney 1612271
Lakelaw
53 W Jackson Blvd.
Suite 1115
Chicago, IL 60604
312 360 1501
dleibowitz@lakelaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| MANNON L. WALTERS, INC. | ) | 18 - B - 05351 |
| ALLEGED DEBTOR. | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | Bankruptcy Judge |

**ALLEGED DEBTOR'S RESPONSE TO PETITIONING/JOINING CREDITORS'
OBJECTION TO ALLEGED DEBTOR'S MOTION TO DISMISS
OR IN THE ALTERNATIVE
TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF INDIANA**

**Introduction**

1. Petitioning creditors are multi-millionaire debenture holders who have non-recourse claims against the Debtor, enforceable only to the extent of the value of their interests in now-failed oil and gas leaseholds. Moreover the petitioning creditors have agreed to determine these contingent, unliquidated and disputed claims in binding arbitration.

    o Their claims, in aggregate are less than $60,000.

    o Their claims are insufficient in amount to give rise to diversity of citizenship jurisdiction

    o Their claims would be too small to even be heard in the law division of the Circuit Court of Cook County – they would be subject to mandatory arbitration.

2. Each and every claim which Petitioning Creditors cite has been resolved by settlement or dismissal.

    (a)    Involuntary Bankruptcy 03-72382 (S.D. Ind. (Evansville)) was dismissed without prejudice on May 5, 2004(Dkt 26). It has not been refiled.

    (b)    Case C15-0729 (W.D. Washington) was dismissed with prejudice pursuant to a stipulation of dismissal on July 27, 2016 (Dkt. 72 and 74).

    (c)    Case 3:12-cv-00114-SEB (S.D. Ind. (Evansville) was dismissed with prejudice upon settlement on February 15, 2017 (Dkt. 2017)

Despite the facts that the Alleged Debtor's principal place of business is Evansville, Indiana, its only assets in Illinois are located in the Southern District of Illinois, its only office in Illinois is its registered agent in Grayville, Illinois, within the Southern District of Illinois and that Debtor has no substantial contacts in the Northern District of Illinois, Petitioning Creditors filed their involuntary bankruptcy petition in the Northern District of Illinois.

3.  Petitioning Creditors' reliance upon *In re Segno Communications, Inc.* 264 B.R. 501 (N.D. IL 2001). is misplaced. In *Segno*, the alleged debtor, which had been incorporated in Illinois, nevertheless had offices throughout the state of Illinois. Nothing in Judge Schmetterer's opinion stated that domicile of an Illinois corporation could lead to venue in any federal district in Illinois as the Court did not consider the provisions of the general venue statute.

4.  More to the point is *In re Fada Radio and Electric Co.,* 132 F. Supp. 89 (SD NY 1955) In this case, the debtor contended that it was entitled to bring an action in the Southern District of New York since it was domiciled in New York and thus domiciled in every part of the state.

5.  However, the debtor's petition stated that its place of incorporation was in Queens County, within the Eastern District of New York and thus its domicile was in that District.

6.  As the Court stated in *Fada*:

The debtor makes no contention that its principal place of business is within this district. It makes no contention that its principal office as registered with the Secretary of State of this state is within this district. It does contend, however, that its domicile is the State of New York and that it is thus entitled to bring a bankruptcy proceeding in any of the federal judicial districts in the State of New York. For this it relies upon three cases, *In re Denton & Haskins Music Pub. Co., D.C.S.D.N.Y., 10 F.Supp. 802*, *In re Enjay Holding Co., D.C.S.D.N.Y, 18 F.Supp. 445* and *In re Pilgrim Plumbing Supply Corp., D.C.S.D.N.Y., 123 F.Supp. 823, in* all of which the courts said that the domicile of a corporation was in the state where it was incorporated. None of these decisions, however, says that the domicile is in every part of the state. In none of these cases was any contention made that a bankruptcy case could be laid in any and every district in the state in which it was incorporated. The correct rule is, of course, that stated by District Judge Westenhaver *in In re Devonian Mineral Spring Co., D.C.N.D. Ohio E.D., 272 F. 527, 530*, where he said, 'It being admitted that the bankrupt company is a corporation

organized under the laws of Ohio, and this district being the only one in which it had an office or did business, clearly 'the debtor has his domicile' in this district.'

This then is a case 'laid in the wrong court of bankruptcy'. The question then is whether 'in the interest of justice' it should remain here or whether I should transfer the case to some 'other court of bankruptcy in which it could have been brought.'

Under the letter of the statute, the only courts of bankruptcy in which a case can be brought where a corporation is involved are the courts where it has had its principal place of business for the preceding six months or where it has had its domicile for the preceding six months. The debtor has had its domicile in Queens County in the Eastern District of New York for the preceding six months but neither party contends that the case should be transferred to that district. The competing claims are those of this Southern District of New York, where the case has been wrongly laid, and the District of New Jersey, a district where the case could have been brought because of the fact that the principal place of business of the corporation has been within that district for the preceding six months.

7.      Even if somehow, this Court deems the Northern District of Illinois to be a proper venue, the comments of the court in *In re Positron Corp,* 541 B.R. 816, 817 (Banrk. N.D. Tex. 2015) are instructive which stated:

But here, a contested involuntary proceeding that has been filed in a court of proper venue, it is, really, for the Court to decide, within its discretion, where the trial on the involuntary petition—and if relief is granted, where the bankruptcy case—should proceed. *Fed. R. Bankr. P. 1014(b); see also In re Caesars Entm't Operating Co., Inc.*, No. 15-10047, 2015 Bankr. LEXIS 314, 2015 WL 495259, at *5 (Bankr. D. Del. Feb. 2, 2015).

8.      Factors which should be considered are:

   (a) efficiency and economics of estate administration

   (b) presumption in favor of the "home court"

   (c) judicial economy and efficiency

   (d) fairness and the ability to receive a fair trial

   (e) the state's interest in having local controversies within its borders

   (f) the plaintiff's original choice of forum

   (gg) proxminity of the petionint creditors to all other creditors
   (h)     location of the estate assets

        (i)    economic administration of the estate to be administered in Bankruptcy

9. The Clerk of Court was correct in the first instance when it noted the improper venue of this involuntary petition.

10. Creditors are not located here. Not one debenture holder is located in Illinois. No assets are located in the Northern District of Illinois. Substantial assets are located in the Southern District of Illinois. Debtor's headquarters are in the Southern District of Indiana.

11. Petitioning Creditors may have carefully selected the Northern District of Illinois as the venue. But it seems that they did this to turn a routine collection case into a bankruptcy.

12. The totality of their debts are under $60,000 and they agreed that any claims they had were to be arbitrated.

13. It is unclear why they have taken more than three years to figure out what steps they need to take.

14. Moreover, the settlement or resolution of every supposedly horrible claim raised against the Alleged Debtor more than demonstrates that it has been resolving and paying its debts as they come due. That – of course –is not subject of the venue motion but must be noted since the Alleged Creditors raised this "specter" in their Objection.

For the foregoing reasons and the reasons set forth in Alleged Creditors original motion, the Involuntary Petition should be dismissed or transferred to the Southern District of Indiana, Evansville Division.

        Respectfully submitted

        */s/ David P. Leibowitz*
        Attorney for Alleged Debtor

David P. Leibowitz
Illinois Attorney 1612271
Lakelaw
53 W. Jackson Blvd.
Suite 1115
Chicago, IL 60604
312 360 1501
**dleibowitz@lakelaw.com**