## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | **CASE NO.** | 18 B 5351 |
|---|---|---|---|
| **DATE** | June 6, 2018 | **ADVERSARY NO.** | |
| **CASE TITLE** | Mannon L. Walters, Inc. | | |
| **TITLE OF ORDER** | Order granting alleged debtor's motion to transfer venue | | |

### DOCKET ENTRY TEXT

The motion of alleged debtor Mannon L. Walters, Inc. to transfer venue is granted.  The case will be transferred to the Southern District of Indiana.

**[For further details see text below.]**

### STATEMENT

Before the court for ruling in the involuntary chapter 7 case of alleged debtor Mannon L. Walters, Inc. ("MW") are two motions: (1) MW's motion to dismiss the case for improper venue under 28 U.S.C. § 1408 or to transfer venue to the Southern District of Indiana under 28 U.S.C. § 1412; and (2) MW's motion to dismiss the petition as having been filed in bad faith.

For the reasons discussed below, the motion to transfer will be granted and the case transferred to the Southern District of Indiana.

### 1.  Background

The sparse facts are drawn from the parties' papers, the court's docket, and government web sites subject to judicial notice, *see Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003). No facts are in dispute, and the parties agree no evidentiary hearing is necessary (*see* Tr. dated Apr. 11, 2018, at 5).

On February 27, 2018, Roger Zajicek, the Jennifer L. Davis Trust, and the Mark W. Oppegard Trust (collectively, the "petitioning creditors") filed an involuntary chapter 7 petition against MW under chapter 7 of the Bankruptcy Code.  (Dkt. No. 1).  John Bohinski later joined as another petitioning creditor.  (Dkt. No. 7).

MW is an Illinois corporation with its principal place of business and offices in

---

**STATEMENT**

---

Evansville, Indiana.  (Dkt. No. 1; Dkt. No. 12, Affid. at ¶¶ 10, 14).  The nature of MW's business is unclear, but it appears to be involved in the oil and gas industry in some way.  (*See* Dkt. No. 12, ¶ 24).  MW has unspecified oil and gas assets in Indiana, Louisiana, Texas, Oklahoma, Tennessee and Mississippi.  (Dkt. No. 12, Affid. at ¶ 20).

MW's registered agent is in Grayville, Illinois, which is in the Southern District of Illinois.  (Dkt. No. 12, ¶ 16; Affid. at ¶ 11).  MW has an equipment yard and a mailbox in White County, Illinois, and it has petroleum interests in Hamilton County, Illinois.  (Dkt. No. 12, Affid. ¶¶ 18-19).  White and Hamilton Counties are both in the Southern District of Illinois.  (*Id.*); *see also* 28 U.S.C. § 93(c).

The president and chief executive officer of MW is Mannon L. Walters, Jr.  (*Id.* at ¶ 2).  Where Mr. Walters lives is unclear.  It is equally unclear whether MW has other officers and where they live.  Presumably, though, neither Walters nor the other officers (if any) lives in the Northern District of Illinois.  MW has no office or assets in this district and conducts no business here.  (*Id.* at ¶ 17).

The three original petitioning creditors are beneficial holders of 12% Series 2007A Secured Convertible Debentures that MW issued in 2007.  (Dkt. 15, ¶ 6; Dkt. No. 12, Affid., Ex. B).  The fourth petitioning creditor, Mr. Bohinski, is the beneficial holder of a 12% Series 2-8 Secured Convertible Debenture that MW issued in 2008.  (Dkt. 15, ¶ 6; Dkt. No. 12, Affid., Ex. B).

None of the petitioning creditors is located in the Northern District of Illinois.  According to the petition and joinder, Mr. Bohinski lives in New Jersey, Mr. Zajicek lives in Nebraska, and the trustees of the Mark W. Oppegard and Jennifer L. David Trusts are located in Nebraska and Colorado, respectively.  (Dkt. No. 1; Dkt. No. 15, ¶ 23 n.3).  Counsel for the petitioning creditors is not located in this district either.  His office is in California.  (Dkt. No. 20).

There appear to 67 other holders of MW debentures who have not joined the petition.  (Dkt. No. 15, ¶ 23).  They are scattered throughout the country, but 66% of them are in Texas.  (*Id.*).  Three of them are in Indiana.  (*Id.*).  None is in Illinois.  (*Id.*).

MW responded to the involuntary petition in two ways: (1) with a motion to dismiss for improper venue or alternatively to transfer the case to the Southern District of Indiana; and (2) with a motion to dismiss the petition on the ground that it was filed in bad faith.  Both motions are fully briefed.

## 2. Discussion

MW's motion to transfer will be granted and the case transferred to the Southern District of Indiana.  Although venue is proper in this district, the Southern District of Indiana is more convenient for the parties because at least one party is located there, and no party has any

| STATEMENT |
| --- |

connection with this district.  Because the case will be transferred, the motion to dismiss the petition as filed in bad faith need not be addressed.

### a.  Dismissal for Improper Venue

The case will not be dismissed for improper venue, for starters, because venue is proper in this district.

Venue in bankruptcy cases is governed by a provision of Title 28 of the U.S. Code. Under section 1408(1) of Title 28, a bankruptcy case can be commenced in a district where "the . . . entity that is the subject of such case" has had its "domicile, residence, principal place of business," or its "principal assets" for the 180 days prepetition.  28 U.S.C. § 1408(1).  A corporation's "domicile" is its state of incorporation.  *In re Segno Commc'ns, Inc.,* 264 B.R. 501, 506 (Bankr. N.D. Ill. 2001); *see also In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (S.D.N.Y. 2008); *In re B.L. of Miami, Inc.*, 294 B.R. 325, 328 (Bankr. D. Nev. 2003); 1 *Collier on Bankruptcy* ¶ 4.02[2][b] at 4-7 (Richard Levin & Henry J. Sommer eds., 16th ed. 2018).

MW is an Illinois corporation.  MW admits as much.  (Dkt. No. 12, ¶ 9).  MW also admits (as it must)s that the "domicile" of a corporation for purposes of section 1408 is the state of incorporation.  (Dkt. No. 14 at 3).  Venue is accordingly proper in this district.  There is no colorable argument to the contrary.  Section 1408(1) is plain on its face.

MW nonetheless contests the propriety of venue here.  MW argues that under 28 U.S.C. 1391, each district in a state is considered "a separate state for purposes of residency."  (Dkt. No. 14 at 3).  Because MW has no connection with this district, the company insists it cannot be domiciled here, regardless of its state of incorporation.

MW's argument is unpersuasive for the simple reason that section 1391 is inapplicable. As the petitioning creditors rightly note, section 1391 concerns venue in "civil actions," not bankruptcy cases.  28 U.S.C. § 1391(a); *see Adams v. Medical Accts. Rec. Solutions, Inc. (In re Coram Healthcare Corp.)*, Nos. 003299 (MFW), ADV. 03-53964, 2003 WL 22948234, at *3 (Bankr. D. Del. Dec. 12, 2003) ("Section 1391 of title 28 provides the basis for venue in non-bankruptcy cases.").  Section 1391 and other non-bankruptcy venue statutes "are available in bankruptcy only to the extent provided by the bankruptcy venue statutes themselves."  *In re Enron Corp.*, 317 B.R. 701, 706 (S.D. Tex. 2004) (internal quotation omitted).  MW has identified no bankruptcy venue statute that would apply section 1391 to this case.  Section 1408 is the relevant venue statute, and unlike section 1409 (which in some instances makes venue dependent on "applicable nonbankruptcy venue provisions," 28 U.S.C. §§ 1409(c)-(e)), section 1408 mentions no non-bankruptcy venue statute.

Because section 1391 is inapplicable, MW's "residency" argument, an argument premised on that section, is beside the point.  Venue is proper in this district because of MW's "domicile," a basis for venue under section 1408 but not section 1391.  And with section 1391

## STATEMENT

out of the picture, MW's "separate state" argument is beside the point as well. Although section 1391(d) might support such an argument, section 1408 does not. Under section 1408(1), "any entity that is formed under the laws of a given state is domiciled *within the entire state* . . . and may file a case under the Bankruptcy Code in any District in that state." *In re ERG Intermediate Holdings, LLC*, No. 15-31858-HDH11, 2015 WL 6521607, at *4 (Bankr. N.D. Tex. Oct. 27, 2015) (emphasis added).

MW disagrees, citing *In re Fada Radio & Elec. Co.*, 132 F. Supp. 89 (S.D.N.Y. 1955). In *Fada Radio*, the court did indeed hold that a New York corporation could not file its bankruptcy case in any district in New York merely because of its state of incorporation and thus its domicile. *Id.* at 91. But *Fada Radio* was decided under section 2 of the Bankruptcy Act of 1898, not section 1408. (Section 1408 was not enacted until 1984, almost 30 years later). More important, the court in *Fada Radio* reached its conclusion by reading into the word "domicile" (a term that likewise appeared in section 2) a requirement that the debtor have an office or do business in the district. *Id.* The court declared that to be "[t]he correct rule" but offered no explanation why. *Id.* Decisions under section 1408 reach a different conclusion, *see, e.g., ERG Intermediate Holdings*, 2015 WL 6521607, at *4, one more consistent with the statutory language which says nothing about where a debtor does business or has offices.

Because MW is an Illinois corporation and so is domiciled in this district, venue is proper here. The case cannot be dismissed for improper venue.

### b. Transfer for the Convenience of the Parties

The case can, however, be transferred to a venue that is more convenient. MW may be domiciled here, but it is not located here, and neither is anyone or anything else connected to the case. The Southern District of Indiana is the more convenient venue. MW's motion to transfer the case to that district will be granted.

Even when venue is proper, section 1412 allows the court to transfer a case or proceeding under Title 11 to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The statute is phrased in the disjunctive; a case may therefore be transferred either in the interest of justice or for the convenience of the parties. *Dunmore*, 380 B.R. at 670.

MW has moved for a transfer based only on the convenience of the parties. In determining whether the convenience of the parties warrants a transfer, courts consider (1) the location of creditors and their proximity to the court; (2) the location of the debtor and its proximity to the court; (3) the location of witnesses necessary to the administration of the estate; (4) the location of the debtor's assets; and (5) the forum that would provide the most efficient administration of the estate. *See In re Positron Corp.*, 541 B.R. 816, 818 (Bankr. N.D. Tex. 2015); *In re Caesars Entm't Operating Co., Inc.*, No. 15-10047 (KG), 2015 WL 495259, at *6 (Bankr. D. Del. Feb. 2, 2015); *In re B.L. McCandless LP*, 417 B.R. 80, 82 (Bankr. N.D. Ill. 2009); *Dunmore*, 380 B.R. at 672.

## STATEMENT

Of these factors, the most important is the efficient administration of the estate.  *In re Condor Expl., LLC*, 294 B.R. 370, 378 (Bankr. D. Colo. 2003) (citing *In re Enron Corp.,* 274 B.R. 327, 343 (Bankr. S.D.N.Y. 2002)).  Even if some parties may be inconvenienced, transfer is proper if a case can be administered more efficiently elsewhere.  *Cf. ERG Intermediate Holdings*, 2015 WL 6521607, at *6 (refusing to transfer case to California, although most creditors were located in California, because the DIP lender and the largest, most active creditor were located in Texas); *Condor*, 294 B.R. at 380 (transferring involuntary case from Colorado to Wyoming although travel to Wyoming would inconvenience the debtor and petitioning creditors, because the debtor had substantial assets in Wyoming).

Although the movant generally has the burden of demonstrating that the case should be transferred, *In re Denham Homes, LLC*, No. 10 B 3164, 2010 WL 1486237, at *2 (Bankr. N.D. Ill. Apr. 12, 2010), in a contested involuntary case where venue is proper, the decision about where the trial on the petition should occur – and if an order for relief is entered, where the case should proceed – is a matter for the bankruptcy court's discretion, *Positron*, 541 B.R. at 818 (citing *Caesars*, 2015 WL 495259, at *5).

To varying degrees, the relevant factors in this case all weigh in favor of a transfer.

• **Location of the debtor.**  MW is located in the Southern District of Indiana.  MW has its office and its principal place of business there.  MW has no office in this district and conducts no business here.

MW's only connection to the Northern District of Illinois is that Illinois is MW's state of incorporation.  Indeed, that is the case's only connection with this district.  If the only connection to a district is the debtor's state of incorporation, the case is a good candidate for transfer to another district that has some genuine connection to the case.  *See, e.g., In re Municipal Corrections, LLC*, No. 12-12253-mkn, 2012 WL 6737509 at *10 (Bankr. D. Nev. Dec. 28, 2012) (transferring case from Nevada to Georgia where the case's only connection with Nevada was the debtor's state of incorporation, and the debtor's creditors, assets, and personnel were located in Georgia).

The debtor's location plainly favors the Southern District of Indiana.

• **Location of creditors.**  With no order for relief entered yet and so no schedules filed, determining the location of creditors is difficult.  As far as the record shows, though, no creditors are located in the Northern District of Illinois.  Whether any creditors are located in the Southern District of Indiana is unclear.  None of the four petitioning creditors, all debenture holders, is located there, and none is nearby.  At least three other debenture holders, though, live in Indiana, and six more live in  Kentucky and Missouri, neighboring states.

The location of creditors slightly favors the Southern District of Indiana.

-5-

**STATEMENT**

• **Location of witnesses.**  Apart from a hearing on the contested involuntary petition, it is unclear at this early stage whether disputes requiring testimony might arise and what those disputes might be.  Witnesses at a hearing on the contested petition, though, would likely include Mr. Walters, who presumably works in the Southern District of Indiana (whether he lives there has not been revealed), and one or more of the petitioning creditors, who live in (or are located in) New Jersey, Nebraska, and Colorado.  At least some witnesses, then, are located in the Southern District of Indiana.  None is located in the Northern District of Illinois.

The location of witnesses slightly favors the Southern District of Indiana

• **Location of the debtor's assets.**  MW has at least some assets in Indiana.  It has oil and gas assets there and presumably also has physical assets (furniture and office equipment) at its offices in Evansville.  The rest of its assets consist of oil and gas interest in other states, including Illinois.  But the oil and gas interest in Illinois is in the Southern District of Illinois.  As far as the record shows, MW has no assets in the Northern District of Illinois.

The location of the debtor's assets slightly favors the Southern District of Indiana.

• **Efficient administration of the estate.**  The Southern District of Indiana would provide more efficient administration of the bankruptcy estate for two reasons.

First, the debtor is there, its president works there, at least some of its assets are in the same state, and at least a few of its creditors are also in the same state.  The estate will be administered more efficiently in the place where the case has its center of gravity.  That place is Evansville, Indiana.  It is certainly not Chicago.

Second, the Bankruptcy Court for the Southern District of Indiana has a smaller caseload than its counterpart in the Northern District of Illinois.  According to statistics kept by the Administrative Office of U.S. Courts, 41,488 bankruptcy cases were filed in this district during the twelve months ending March 31, 2018, and 13,929 bankruptcy cases were filed in the Southern District of Indiana during the same period.[1]  In the twelve months ending March 31, 2017, 43,987 cases were filed in this district, and 14,471 cases were filed in the southern Indiana district.[2]

Of course, the Northern District of Illinois has more bankruptcy judges:  this district has

---

[1]      *See* United States Courts, Table F: U.S. Bankruptcy Courts – Bankruptcy Cases Filed, Terminated, and Pending – During the 12-Month Periods Ending March 31, 2017, and 2018, http://www.uscourts.gov/statistics/table/f/bankruptcy-filings/2018/03/31.

[2]      *See id.*

**STATEMENT**

eleven,[3] the Southern District of Indiana four.[4]  But the caseload is heavier here even on a "per judge" basis.  In the most recent twelve-month period, 3,772 cases per judge were filed here, as opposed to 3,482 cases per judge in the Southern District of Indiana.  In the twelve-month period before that, 3,998 cases per judge were filed here, 3,618 per judge in southern Indiana.  In other words, each bankruptcy judge in this district is assigned roughly ten per cent more cases each year than his southern Indiana counterpart.  Heavier caseloads mean less efficient administration.

This factor, too, weighs slightly in favor of transfer.

In opposing a transfer, the petitioning creditors do not quarrel with any of the analysis above.  They argue only that this district is more convenient for them and their counsel because it has two major airports.  But as they themselves admit (*see* Dkt. No. 15, ¶ 24), Evansville has its own airport: Evansville Regional Airport.  According to the U.S. Department of Transportation, several major airlines serve Evansville and offer direct flights to and from Chicago, Dallas, and Atlanta, among others.[5]  On average, the Evansville airport handles more than 325,000 passengers per year.[6]  Although travel to Chicago might be easier and less expensive, since it would entail one fewer connection, ease of travel alone is not a basis for keeping the case in a district with which it has no connection at all.[7]

If this case is centered anywhere, then, it is centered in Evansville, Indiana.  It certainly is

---

[3]    *See* United States Bankruptcy Court, Northern District of Illinois, https://www.ilnb.uscourts.gov/judges-info (last visited June 4, 2018).

[4]    *See* United States Bankruptcy Court, Southern District of Indiana, http://www.insb.uscourts.gov/judges-info (last visited June 4, 2018).

[5]    *See* United States Department of Transportation, Bureau of Transportation Statistics, https://www.transtats.bts.gov/; under "Quick Answers" select "Airport Snapshots," select "Show all airports by state," then select "Evansville, IN: Evansville Regional."

[6]    *Id.*

[7]    Convenience of the venue for counsel is irrelevant in any event.  *See City of Clinton v. Pilgrim's Pride Corp.*, Nos. 4:09-CV-386-Y, 4:09-CV-387-Y, 2009 WL 4884430, at *7 (N.D. Tex. Dec. 17, 2009); *Son v. Coal Equity, Inc. (In re Centennial Coal, Inc.)*, 282 B.R. 140, 146 (Bankr. D. Del. 2002).  But if counsel's convenience were a relevant concern, the Southern District of Indiana would plainly be the more convenient forum because fewer trips there would be required.  This district has a "presentment" motion practice under which counsel's personal appearance is necessary for every motion.  *See* N.D. Ill. L.R. 9013-1(E).  The Southern District of Indiana has a "negative notice" practice under which a personal appearance is usually unnecessary unless a motion is contested.  *See* S.D. Ind. L.R. B-9013-1(a).

**STATEMENT**

not centered in the Northern District of Illinois, a district with which the case has no relationship
whatever.  The convenience of the parties will best be served if the case is transferred to the
Southern District of Indiana.

### 3. Conclusion

The motion of alleged debtor Mannon L. Walters, Inc. to transfer venue is granted.  The
case will be transferred to the Southern District of Indiana.

Dated: June 6, 2018

_____
A. Benjamin Goldgar
United States Bankruptcy Judge